## CAMPBELL v. SLOAN & SEIGNIOUS.

Executors being sued for a debt of their testatrix, a devisee in possession obtained from his wife the amount due upon the note in suit, and paid it to the attorneys of the payee ; the suit was then dropped, and the note taken by the devisee to his wife with the statement, "This is your property," but there was no written assignment. After this the husband, with the wife's knowledge and acquiescence, mortgaged the land acquired under such devise, and she renounced her dower to the mortgagees, who knew nothing of her claim ; afterwards she brought action against the executors on this note, obtained judgment by default, and then sought to subject this land to the payment of this note and to enjoin the foreclosure of such mortgage—meantime the personal assets of testatrix were lost or wasted. *Held,*

1. That the action could not be sustained, because the circumstances showed that the note was not purchased from the payee, but was satisfied by the husband with money given to him by the wife for that purpose.

2. That twenty years having elapsed from the last credit endorsed upon the note to the commencement of plaintiff's action against the executors, her right to bring this action was barred by lapse of time.

3. That the laches of plaintiff, and that of the original payee, were sufficient to bar this action.

4. That by renouncing dower on the mortgage, she is estopped from setting up her stale claim against the mortgagees.

Before KERSHAW, J., Laurens, June, 1883.

The facts of this case are fully stated in the opinion of this Court. The Circuit decree, omitting such statement, was as follows :

From these facts I conclude that the note is paid by lapse of time. Notwithstanding the judgment against the executors, Sloan & Seignious may avail themselves of it. *Bird* v. *Houze, Speer Eq.,* 250; *Gilliland* v. *Caldwell,* 1 *S. C.,* 197. The action is upon the sealed note of the testatrix, and that is pre-

sumed to be paid by the lapse of twenty years from the date of the last payment. The omission of the executors to plead to the action against them, and the consequent judgment, cannot affect the right of defendants, Sloan & Seignious. As against them, the note will be treated as paid. *Boyce* v. *Lake*, 17 *S. C.*, 482.

There has been such gross *laches* in the prosecution of this claim that the action will not be entertained in a Court of Equity. There was most abundant personal assets to pay this and all other debts of the testatrix. These parties holding the notes have stood by for over twenty years and seen the property turned over to the legatees, and all lost or wasted but this tract of land, and took no action until it was about to be subjected to the debt of Sloan & Seignious. The primary fund for the payment of debts is the personal estate. If a creditor stands by and sees it wasted, he cannot subject lands in the possession of the heirs or devisee to the payment of his debt, even when he has judgment against the executors. *Mobley* v. *Cureton*, 2 *S. C.*, 146; *Bird* v. *Houze*, *Speer Eq.*, 250.

The circumstances show that John B. Campbell had control of the negotiations for the settlement of the note, and it does not appear that his wife did not intend the money with which he took it up as a gratuity. If she so intended, or if he used her money without authority to take up the note, it was paid, and could not afterwards be set up as a subsisting demand. Her silence, acquiescence, and participation in the mortgage, show that she considered she had no claim against the land. It was evidently an after-thought to set it up. The only way to account for her conduct is to assume this. Her rights will be postponed to those of Sloan & Seignious. She can claim no better position than if she was a prior encumbrancer at the time of the mortgage, or holding a prior title to the land. And even in that case, she would be postponed to the defendants, Sloan & Seignious. *Pom. Eq. Jur.*, 780, 781.

If, holding such prior title, the party being informed of the purpose of another to invest in the land, and being brought in contact with and made cognizant of the transaction, he simply keeps silent and permits the person to contract, he will be compelled to release in favor of the purchaser. Plaintiff is estopped

in equity from enforcing this claim against the land in derogation of the rights of Sloan & Seignious, under their mortgage. She stood by and allowed the mortgage to be given, and joined in the security by renouncing her dower therein; and if she had an equity to be first paid out of the land, she should have made it known then. *Hand* v. *Railroad Company*, 12 *S. C.*, 351; *Lead. Cases Eq.*, 64; *Big. Est.*, 500, 511.

Plaintiff has established no title to the note. It was not assigned, nor was it transferred by delivery. It was paid to the attorneys at law of the obligee, and by them delivered to Campbell for the plaintiff. The attorneys would have had no right to assign, and, *a fortiori*, could not transfer it by delivery. *Mayer* v. *Blease*, 4 *S. C.*, 14. At most her title was purely equitable, and could not prevail against a legal right acquired for valuable consideration without notice. In such a case the equities would be at least equal, and the court could not interfere. Any of these principles are conclusive against the recovery sought by the plaintiff.

It is ordered and decreed, That the complaint herein be dismissed, and that the plaintiff pay the costs of the proceeding; that the order of injunction herein granted be set aside, and that the defendants, Sloan & Seignious, be allowed to proceed to enforce their remedies against the said land.

From this decree the plaintiff appealed upon the following exceptions: 1. Because his honor erred in holding the settlement of 1863 a settlement of Sally M. Hall's estate. 2. Because his honor erred in holding the sealed note paid by lapse of time. 3. Because his honor erred in holding that there were abundant personal assets to pay this sealed note and all other claims, and that the plaintiff stood by and allowed these assets to be wasted. 4. Because his honor erred in holding that the plaintiff stood by and saw the property turned over to legatees, and took no action until it was about to be subjected to the debt of Sloan & Seignious. 5. Because his honor erred in holding that the plaintiff intended the money which took up the A. R. Simpson note, as a gratuity to defendant Campbell, or that he used her money without authority. 6. Because his honor erred in holding that the

plaintiff's silence and participation in the mortgage show that she considered that she had no claim in the land. 7. Because his honor erred in holding that the plaintiff kept silent and permitted Sloan & Seignious to invest in the land. 8. Because his honor erred in holding that plaintiff stood by, allowed mortgage to be given, and joined in the mortgage by renouncing her dower without making known her claim. 9. Because his honor erred in holding that Sloan & Seignious, for a valuable consideration without notice, acquired a legal right in the land. 10. Because his honor erred in holding that the A. R. Simpson note was neither assigned, transferred, nor delivered to plaintiff, and therefore she could not maintain this action. 11. Because his honor erred in holding that Sloan & Seignious could avail themselves of lapse of time, judgment having been rendered against the executors. 12. Because his honor erred in holding that the rights of the plaintiff must be postponed to those of Sloan & Seignious, or that she is estopped.

*Mr. J. W. Ferguson,* for appellant.

*Messrs James Farrow* and *B. W. Ball,* contra.

June 25, 1884. The opinion of the Court was delivered by

MR. JUSTICE MCIVER. Sallie M. Hall departed this life in the latter part of 1857, having first duly made and executed her last will and testament, of which Dr. E. G. Simpson and Dr. William Phillips were the duly qualified executors. The testatrix left a very considerable estate, both real and personal, the great bulk of which, including the tract of land which is the subject matter of the present controversy, she gave to her grandson, the defendant, John B. Campbell, to be kept by the executors under their control until he arrived at the age of twenty-one years, when it was to be turned over to him absolutely. The testatrix, at the time of her death, owed but few debts, the principal one being a note under seal to A. R. Simpson for $1,000, payable one day after its date, and bearing date February 17, 1857. Upon this note a credit, dated April 6, 1858, for $70, is endorsed, as received from E. G. Simpson, executor.

In October, 1862, the defendant, John B. Campbell, the principal legatee and devisee under the will, having attained the age of twenty-one years, the executors turned over to him the whole estate, although all the specific legacies and debts were not then paid, since which time, both of the executors testify, they have in no way interfered with the estate of the testatrix, Sallie M. Hall. Sometime after this, though at what particular date does not appear, each of the executors made separate returns in the ordinary's office of their receipts and expenditures as such, which was probably about September 16, 1863, as the interest seems to be calculated up to that day. A suit having been commenced by A. R. Simpson on the note above mentioned against the executors of Sallie M. Hall and John B. Campbell, the defendant, John B. Campbell, testifies "that he went to the office of Simpson & Simpson in June, 1869, and took up said note with money belonging to plaintiff, paying $1.000; that he took the note home and gave it to plaintiff, saying, 'This note is your property;' that it had been property of plaintiff from that time to present." The only other witness who testified as to this matter said, "That she was with plaintiff when Campbell returned from Laurens, the day that he took up the A. R. Simpson note; that he handed the note to plaintiff, saying, 'This note belongs to you; Colonel Simpson says that you had better take care of this note, it may be worth something to you some day.'".

On February 19, 1876, the defendant, John B. Campbell, executed a mortgage on the land in question to his co-defendants, Sloan & Seignious, and the plaintiff, who is the wife of said John B. Campbell, indorsed upon said mortgage a relinquishment of her dower in the said land, as against the mortgage debt. In 1877 the A. R. Simpson note was placed by John B. Campbell in the hands of attorneys for collection, although no action was commenced thereon until the early part of 1881, when suit was instituted against the executors of Mrs. Hall, and judgment by default obtained against them in February, 1881. On March 18, 1882, judgment of foreclosure and sale was obtained by Sloan & Seignious against John B. Campbell, and the object of the present action is to subject the tract of land in the possession of John B. Campbell, devised to him by the will of Mrs. Hall,

to the payment of her note to A. R. Simpson, of which the plaintiff claims to be the owner and holder, and also to enjoin the sale of said land under the judgment of foreclosure by Sloan & Seignious.

Although one of the questions made in the case is, whether the note which constitutes the foundation of the plaintiff's claim shall be presumed to be paid by lapse of time, yet, singular to say, it nowhere distinctly appears precisely when the present action was commenced. The date is stated in the Circuit decree, but it is manifest that it is incorrectly stated (probably through a misprint), and as corrected by the admission of counsel, it seems to be inconsistent with a succeeding statement in the decree. For, as corrected by counsel, it is fixed at August 31, 1881, but as the decree states that one of the objects of the action was to enjoin the sale of the land under the judgment of foreclosure, which was not obtained until March 18, 1882, it must have been commenced after that date, and accordingly we find that in the statement of facts prefixed to the appellant's "Points and Authorities," the date of the commencement of the present action is fixed at June 5, 1883. Fortunately, however, it happens in the present case, that this confusion as to dates will work no injury to the parties, for whether the action was commenced in 1881 or 1883 will make no practical difference.

The Circuit judge rendered a decree dismissing the complaint and dissolving the temporary injunction previously granted upon the several grounds considered therein, and from this judgment the plaintiff appeals upon various grounds set out in the record.

It is very manifest that the fundamental inquiry in this case is whether the plaintiff ever became the owner of the A. R. Simpson note, for it is quite clear that unless she did she has no cause of action, and the other questions discussed cannot properly arise. The Circuit judge seems to have reached the conclusion that she never bought the note, but simply furnished the money with which it was paid as a gratuity to her husband and to relieve him from a liability then pressing upon him; and in this conclusion we fully concur. It is not pretended that the note was ever assigned to her, or that there was any agreement or understanding that it should be; and although a formal assignment

might not be necessary, yet the fact that none was taken and none was asked for, is a circumstance of no little weight in considering what was the true nature of the transaction. The testimony as to what occurred at the time the note was obtained, all of which is set out above, is very far from indicating that the mission of John B. Campbell was to buy up the note for his wife, to be held by her as a debt against him, but point rather to the conclusion which we have adopted. The expression "took up" the note, used by both of the witnesses who testified as to this matter, was much more appropriate to the payment rather than the purchase of the note.

Then, too, the subsequent conduct of the plaintiff points to the same conclusion. Although the note was then in suit and costs had been incurred, yet instead of allowing the note to go into judgment, and obtaining a lien upon her husband's land, which she could enforce or not as occasion might require, the suit is dropped and the note goes into her possession, where it remains unheard of for about eight years, until after a creditor of her husband has taken a lien upon the land, with her knowledge and acquiescence, as evidenced by her relinquishment of dower, when the note is resurrected and placed in the hands of an attorney for collection, and even then, for some unexplained reason, it was allowed to slumber for four years longer before any action was commenced upon it. All the circumstances point to the conclusion adopted by the Circuit judge, that this effort on the part of the plaintiff to set up this note as a debt due to her, in derogation of the rights of her husband's creditors, is an afterthought which cannot avail her.

But even if we were able to reach the conclusion that the plaintiff did in fact purchase the note in question, we think it clear that her right of action thereon is barred by lapse of time. Twenty years from the date of the payment indorsed on the note expired in 1878, and we see nothing in the case to rebut the presumption arising from such lapse of time. The judgment obtained against the executors of Mrs. Hall certainly cannot have such effect, for the action in which such judgment was obtained was not commenced until nearly three years after the twenty years had run out. *Bird* v. *Houze, Speer Eq.,* 250; *Gilliland*

*& Howell* v. *Caldwell*, 1 *S. C.*, 198; *Wilson* v. *Kelly*, 19 *S. C.*, 160.

Again, we think that the laches of the plaintiff and of her alleged assignor, of which she must bear the consequences, is sufficient to bar her action. *Mobley* v. *Cureton*, 2 *S. C.*, 140.

So, too, we agree with the Circuit judge that the plaintiff, by joining with her husband in the mortgage is estopped from setting up this stale claim against the mortgagees.

The judgment of this court is that the judgment of the Circuit Court be affirmed.